David Loy (SBN 229235)
**ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES**
P.O. Box 87131
San Diego, CA 92138-7131
Telephone:   (619) 232-2121
Facsimile:   (619) 232-0036
E-mail:      davidloy@aclusandiego.org

Ryan T. Darby, Esq. (SBN 264357)
**THE LAW OFFICE OF RYAN T. DARBY**
525 B Street, Suite 1500
San Diego, CA 92101
Telephone:   (619) 858-4766
Facsimile:   (619) 243-7226
E-mail:      darby@darby.law

Attorneys for Plaintiff THE KOALA

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE KOALA, | **Case No.: 16cv1296 JM (BLM)** |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO STAY PROCEEDINGS** |
| v. | |
| PRADEEP KHOSLA, et al., | |
| Defendants. | Judge:      Hon. Jeffrey T. Miller |
| | Courtroom: 5D |
| | Date:       February 24, 2020 |
| | Time:       10:00 a.m. |

## I.   INTRODUCTION

After *The Koala* published a controversial article in late 2015, Defendants disqualified student newspapers from eligibility for campus activity funding. In 2016, *The Koala* filed this case. Over three years later, the Court of Appeals held *The Koala* states First Amendment claims involving "unusually compelling allegations that the government acted with discriminatory intent" to retaliate against "clearly protected speech." *The Koala v. Khosla*, 931 F.3d 887, 898–99, 905 (9th Cir. 2019). After *The Koala* defeated Defendants' petition for rehearing, the Ninth Circuit's mandate issued in November 2019. Now, almost four years after the case began, Defendants make a groundless request to continue delaying its resolution.

Under controlling precedent, the motion for stay must be denied. Defendants cannot show any chance of success on their meritless motion to recall the Ninth Circuit's mandate. The Ninth Circuit retained jurisdiction throughout the appeal, as does this Court now. The case is not and never was moot, because *The Koala* intends to continue publishing and seek campus activity funds if it prevails, and any temporary lapse in its registration status can be and is being cured. *Clark v. City of Lakewood*, 259 F.3d 996, 1012 (9th Cir. 2001) (holding lapse in plaintiff's licensing status did not moot appeal where plaintiff's "stated intention is to return to business" and new license application "is not an insurmountable barrier"). Defendants cannot manufacture irreparable harm arising from the ordinary cost of defending claims the Ninth Circuit has upheld. A stay would harm *The Koala* by further risking loss of evidence and postponing decision on First Amendment claims that involve irreparable harm as a matter of law. The public interest favors timely resolution of *The Koala*'s constitutional claims.

It is unsurprising that registration lapsed during the prolonged litigation necessary to defend *The Koala*'s rights. It is unfair to expect an unincorporated student association to maintain perfect compliance with technical requirements for registration during a lengthy appeal, especially when registration would have been

largely pointless due to the disqualification of student newspapers from eligibility for campus activity funds. The technical lapse in registration status can be corrected, and *The Koala* is in the process of correcting it. The fairest course is therefore to deny Defendants' groundless motion and continue with the process of resolving the constitutional claims presented by this case.

## II.     ARGUMENT

A stay pending appellate proceedings "is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 427 (2009). The decision whether to grant a stay depends on "the circumstances of the particular case." *Id.* at 433. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id*. at 433–34.

The Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on [appeal]; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken*, 556 U.S. at 434). "'The first two factors ... are the most critical,' and the last two steps are reached '[o]nce an applicant satisfies the first two factors.'" *Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017) (quoting *Nken*, 556 U.S. at 434–35); *see also Regents of Univ. of California v. Affymetrix, Inc.*, No. 17-cv-01394-H-NLS, 2018 WL 5311961, at *2 (S.D. Cal. Oct. 26, 2018) (summarizing standard for stay pending appeal). Defendants cannot meet any part of the controlling standard.[1]

---

[1] The "three factors" asserted by Defendants are incomplete, Mem. of P&A ISO Mot. for Stay (Doc. No. 54–1) at 4:3 ("Motion for Stay"), because they do not include likelihood of success or the public interest.

**A. Defendants Cannot Succeed on a Meritless Assertion of Mootness.**

A strong showing of success requires more than "a mere 'possibility' of relief." *Nken*, 556 U.S. at 434. Defendants must demonstrate at least a "substantial case for relief." *Lair*, 697 F.3d at 1204. They cannot do so, because their motion to recall the mandate is meritless. As explained in Plaintiff's opposition to that motion, attached hereto as Exhibit 1, controlling precedent demonstrates the Ninth Circuit retained jurisdiction throughout the appeal, as does this Court now, because this case is not and never was moot.

As stated in Exhibit 1 hereto, *The Koala* has published since 1982. It published while the appeal was pending and intends to continue doing so. The requirements for re-registration are ministerial. Defendants admit *The Koala* recently applied to re-register. It is in the process of completing its registration. It has submitted an application by the necessary four students as well as an organizational constitution, and it is in the process of satisfying the remaining requirements at the earliest opportunity. *The Koala* wishes to seek campus activity funds to cover print costs of its newspaper. The expected re-registration would render it eligible for such funds but for the disqualification of student newspapers from such eligibility.[2]

On those facts, settled law establishes the case is not and never was moot. The issue before the Ninth Circuit is mootness, not "standing to invoke federal jurisdiction" in the first instance. Motion for Stay at 3:18–19. Standing is determined based on "the facts as they exist at the time the complaint was filed." *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1047 (9th Cir. 2014); *see also, e.g., Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (holding

---

[2] It is incorrect that "The Koala has not applied to be an RSO in any academic year" since "the fall of 2017." Motion for Stay at 2:12-13. As Defendants admit, *The Koala* "applied for RSO status for the 2019-2020 academic year." *Id.*, Ex. A at 7 (Doc. 54-1 at 14).

"standing inquiry" is "focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed."). Defendants do not dispute *The Koala* had standing when the case was filed, nor do they contend it lacked standing to appeal. Motion for Stay, Ex. A at 6 (Doc. No. 54-1 at 13) (admitting *The Koala* was registered when initial complaint and notice of appeal were filed). The question is whether the case became moot because "circumstances have changed since then." *Clark*, 259 F.3d at 1011. As Plaintiff has explained to the Ninth Circuit, controlling precedent establishes it did not.

A case is moot only if "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). Plaintiff bears no "burden" to show lack of mootness. Motion for Stay at 3:18. "The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." *S. Oregon Barter Fair v. Jackson County*, 372 F.3d 1128, 1134 (9th Cir. 2004). As Defendants' own authority confirms, "the party claiming the benefit of mootness" has the "burden of establishing that the claim is moot." *United States v. Larson*, 302 F.3d 1016, 1020 (9th Cir. 2002) (cited in Motion for Stay at 2:27).

The Supreme Court did not hold otherwise in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). In that case, a party moved to enforce a settlement agreement. *Id.* at 376–77. As the "party asserting jurisdiction" in the first instance, the moving party bore the burden to establish jurisdiction. *Id.* at 377. Here, it is undisputed this Court had jurisdiction when the case was filed and the Ninth Circuit had jurisdiction when the appeal was filed. The issue is whether the case later became moot, and on that issue Defendants bear the burden. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 98 (1993).

The "doctrine of mootness is more flexible than other strands of justiciability doctrine." *Karuk Tribe of California v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012). In contending the case is moot, Defendants must "satisfy a heavy

1    burden of persuasion." *San Francisco BayKeeper, Inc. v. Tosco Corp.*, 309 F.3d

2    1153, 1159 (9th Cir. 2002). "Defendants bear the burden to establish that relief is

3    not simply unlikely or conjectural but impossible." *Ctr. for Biological Diversity v.*

4    *Exp.-Imp. Bank of the United States*, 894 F.3d 1005, 1011 (9th Cir. 2018).

5        Defendants cannot carry that burden. The lapse in registration is "not enough

6    to moot" the case, because re-registration "is not an insurmountable barrier." *Clark*,

7    259 F.3d at 1012. *The Koala* thus retains "a legally cognizable interest in the

8    outcome of this lawsuit sufficient to allow [it] to seek injunctive relief." *Id.* Under

9    *Clark*, it is not necessary that *The Koala* has applied to re-register. Nonetheless, *The*

10   *Koala* has applied to re-register, unlike the plaintiff in *Clark*, who had not yet

11   sought a new license or paid the required fee. *Id.* Under controlling precedent,

12   therefore, Defendants cannot prevail on their motion to recall the mandate.[3]

13        Unlike the irrelevant cases cited by Defendants, this case does not involve

14   any "unilateral action," Motion for Stay at 3:11–12, that made it impossible for the

15   district court to grant effective relief because there was no likelihood the plaintiff

16   would remain subject to the rule at issue. *Arizonans for Official English v. Arizona*,

17   520 U.S. 43, 72 (1997) (plaintiff resigned "from public sector employment" without

18   likelihood of rehiring); *Harris v. Itzhaki*, 183 F.3d 1043, 1050 (9th Cir. 1999)

19   (tenant departed from defendants' apartment complex without likelihood of return).

20   Here, *The Koala* remains subject to university policies, and it can cure the

21   temporary lapse in registration and in fact is doing so. *The Koala* therefore retains a

22   "direct stake" in the outcome of this case. Motion for Stay at 3:9.

23        Defendants cannot show *The Koala* made a "decision to forfeit its RSO

24   status" or "abandon its RSO." Motion for Stay at 3:9–10, 4:18. Defendants "bear a

---

25   [3] Under *Clark*, the mere lapse in registration status could not "have the effect of
depriving the Court of jurisdiction," and the parties thus had no duty to call it "to

26   the attention" of the Ninth Circuit and waste judicial resources addressing a
meritless assertion of mootness. *Bd. of License Comm'rs of Town of Tiverton v.*

27   *Pastore*, 469 U.S. 238, 240 (1985).

28

heavy burden to establish mootness," and their "bare assertion" of abandonment "is not enough under the applicable standard." *Ctr. for Biological Diversity*, 894 F.3d at 1011. The lapse in registration status could easily have resulted from Defendants' retaliation against *The Koala*, which has applied to re-register now that it has survived prolonged litigation, prevailed on appeal, and defeated Defendants' petition for rehearing. *The Koala* did not apply "to create an RSO." Motion to Stay, Ex. A at 13 (Doc. No. 54-1 at 20). *The Koala* has existed throughout the case and continues to exist. It has applied to re-register an existing organization with the university. Whatever the reason for the lapse in registration status, that status can be restored, and *The Koala* is restoring it, as Defendants' own evidence demonstrates. It is not impossible for *The Koala* to complete the process of re-registration. As a result, the case is not and never was moot, and Defendants' motion to the Ninth Circuit is meritless.

### B. Defendants Would Suffer No Irreparable Harm from Defending Claims Upheld by the Ninth Circuit.

A mere "possibility of irreparable injury" is insufficient to justify a stay. *Nken*, 556 U.S. at 434. Instead, Defendants must show "there is a *probability* of irreparable injury if the stay is not granted," based on "what would happen as a practical matter following the denial of a stay." *Lair*, 697 F.3d at 1214; *see also Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1075 (S.D. Cal. 2019) ("[T]he movant must show that irreparable harm is likely or probable."). Defendants cannot show any probability of irreparable harm, because they must continue the ordinary process of defending this case regardless of their meritless motion to the Ninth Circuit.

As a practical matter, if a stay is denied Defendants must file an answer to the complaint upheld by the Ninth Circuit. The answer would trigger the 45-day clock to hold an early neutral evaluation conference, which if necessary would include or be followed by a case management conference that would establish a

1   discovery schedule. CivLR 16.1(c)–(d). Discovery would not begin until the parties

2   have met and conferred to develop a discovery plan. Fed. R. Civ. P. 26(d), (f).

3   Defendants have asked the Ninth Circuit to rule on their motion to recall the

4   mandate by February 28. Given the usual course of practice in this Court, it is

5   unlikely discovery would begin before that time. To the extent Defendants might

6   need to formulate a settlement strategy or identify witnesses and documents in

7   preparation for discovery, they should already have done so following the Ninth

8   Circuit's opinion, if not sooner, based on the detailed allegations in the complaint.

9   In the near term, denial of a stay would impose minimal cost on Defendants.

10        That is insufficient harm to warrant a stay request founded on a meritless

11   assertion of mootness. In the unlikely event it became necessary, the Court could

12   revisit the matter, but for now, Defendants cannot justify a stay. Given that *The*

13   *Koala* "seeks injunctive relief against ongoing and future harm" due to violations of

14   the First Amendment, Defendants "'must make out a clear case of hardship or

15   inequity.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting

16   *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). The mere fact of "being

17   required to defend a suit, without more, does not constitute a 'clear case of hardship

18   or inequity.'"[4] *Id.*; *see also Renegotiation Bd. v. Bannercraft Clothing Co.*, 415

19   U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable

20   cost, does not constitute irreparable injury."); *Zaborowski v. MHN Gov't Servs.,*

21   *Inc.*, No. C 12-05109 SI, 2013 WL 1832638, at *2 (N.D. Cal. May 1, 2013)

22   ("Generally, monetary expenses incurred in litigation are not considered irreparable

23   harm" outside unique context such as arbitration); *Burgess v. Tesoro Ref. & Mktg.*

24   *Co.*, No. CV 10-5870-VBF (PLAx), 2011 WL 13217364, at *2 (C.D. Cal. June 6,

25   _____

   [4] Different issues may be presented when an appeal concerns substantial questions

26   of class certification or "decertification of the class," because unnecessary class
   discovery may result in "substantial waste of time and resources." *Romero*, 383 F.

27   Supp. 3d at 1075. Here, Defendants' motion to the Ninth Circuit is meritless, and
   this case is not a class action.

28

2011) ("Tesoro does not show irreparable injury by being forced to defend this litigation."); *Eberle v. Smith*, No. 07-cv-0120 W WMC, 2008 WL 238450, at *3 (S.D. Cal. Jan. 29, 2008) ("monetary expenses incurred in litigation are normally not considered irreparable" outside "unique situation" such as arbitration). If "expending resources" is a concern, Defendants should not have spent time and money "for nothing" on meritless motions. Motion for Stay at 4:13–14.

### C. A Stay Would Harm *The Koala* by Further Risking Loss of Evidence and Postponing Decision on First Amendment Claims Involving Irreparable Harm.

Because Defendants cannot meet the first two factors, the Court "need not reach the last two factors." *Regents of Univ. of Calif.*, 2018 WL 5311961 at *4. Even if it does, Defendants cannot justify a stay.

The grant of a stay "will substantially injure" Plaintiff. *Nken*, 556 U.S. at 434. Any further postponement of this case, which has been pending almost four years, will unfairly "impede the collection of information through the discovery process and will delay the timely resolution of this case." *Martin v. Naval Criminal Investigative Serv.*, No. 10-cv-1879 WQH (MDD), 2012 WL 1570840, at *4 (S.D. Cal. May 3, 2012); *see also Andrews v. Plains All Am. Pipeline, L.P.*, No. CV15-4113 PSG (JEMx), 2018 WL 4191409, at *4 (C.D. Cal. Aug. 28, 2018) (denying stay where "case delays may compromise plaintiffs' ability to call relevant witnesses" or "memories may fade"). This case presents strong claims of First Amendment violations, and "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Cuviello v. City of Vallejo*, 944 F.3d 816, 833 (9th Cir. 2019); *cf. Lugo v. Alvarado*, 819 F.2d 5, 7 (1st Cir. 1987) (denying stay in First Amendment case because "discovery should be carried out sooner rather than later, particularly where, as here, there are claims of irreparable injury.").

1

**D. The Public Interest Favors Timely Decision of Constitutional Claims.**

2       The public interest favors denying a stay. The courts "have consistently

3   recognized the significant public interest in upholding First Amendment

4   principles." *Doe v. Harris*, 772 F.3d 563, 583 (9th Cir. 2014). "The public has an

5   interest in the timely adjudication of alleged government misconduct." *Martin*,

6   2012 WL 1570840 at *4. Accordingly, a stay cannot be justified under the

7   controlling standard.

8   **III.   CONCLUSION**

9       For the foregoing reasons, the Court is respectfully requested to deny

10  Defendants' motion to stay proceedings.

11  Dated:  January 21, 2020                         Respectfully submitted,

12                                             By:   **s/David Loy**

13                                                   David Loy
                                                     davidloy@aclusandiego.org

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

No. 17-55380

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

THE KOALA, an unincorporated association

Plaintiff-Appellant,

v.

PRADEEP KHOSLA, in his official capacity as Chancellor of the University of
California, San Diego; et al.

Defendants-Appellees.

**OPPOSITION TO MOTION TO RECALL MANDATE AND
WITHDRAW OPINION**

Appeal from the Judgment of the United States District Court
For the Southern District of California
District Court No. 3:16-cv-1296-JM-BLM
Honorable Jeffrey T. Miller

DAVID LOY
davidloy@aclusandiego.org
ACLU FOUNDATION OF SAN DIEGO
& IMPERIAL COUNTIES
P.O. Box 87131
San Diego, California 92138-7131

Ryan T. Darby, Esq. (SBN 264357)
THE LAW OFFICE OF RYAN T.
DARBY
525 B Street, Suite 1500
San Diego, CA 92101

Counsel for Plaintiff-Appellant

## INTRODUCTION

After *The Koala* published a controversial article, Defendants disqualified student newspapers from eligibility for campus activity funding. This Court held *The Koala* states First Amendment claims involving "unusually compelling allegations that the government acted with discriminatory intent" to retaliate against "clearly protected speech" by adopting the disqualification. *The Koala v. Khosla*, 931 F.3d 887, 898–99, 905 (9th Cir. 2019). An order enjoining the disqualification and restoring "eligibility to apply for funding" would provide effective relief to redress the First Amendment violations. *Id.* at 895. Under controlling precedent, Defendants cannot meet their heavy burden to demonstrate mootness, because *The Koala* intends to seek campus activity funds if it prevails, and any temporary lapse in registration status can be cured. *Clark v. City of Lakewood*, 259 F.3d 996, 1012 (9th Cir. 2001) (holding lapse in plaintiff's licensing status did not moot appeal where plaintiff's "stated intention is to return to business" and new license application "is not an insurmountable barrier").

*The Koala* has published a student newspaper since 1982. Excerpts of Record 43 ¶ 36. Its website remains active, and it continued publishing after the case was filed and while the appeal was pending. Darby Decl. ¶¶ 2-4 (Ex. 1 hereto). *The Koala* intends to continue publishing. Kress Decl. ¶ 2 (Ex. 2 hereto). The requirements for re-registration are ministerial. Belk Decl. ¶¶ 8–11; Kress

1

Decl. ¶¶ 3, 7. As Defendants admit, *The Koala* recently applied to re-register and is in the process of completing its registration. Belk Decl. ¶ 20; Kress Decl. ¶¶ 4–6. It has submitted an application by the necessary four students, two of whom have "completed the required communication training." Belk Decl. ¶ 20. The other two have scheduled appointments to do so at the earliest opportunity, and *The Koala* has submitted the requisite "organizational constitution." *Id.*; Kress Decl. ¶¶ 8–9; Tadele Decl. ¶ 3 (Ex. 3 hereto). *The Koala* wishes to seek campus activity funds to cover print costs of its newspaper. Kress Decl. ¶ 10. The expected re-registration would render it eligible for such funds but for the disqualification of student newspapers from such funding. A judgment in *The Koala*'s favor would remove that disqualification and redress the injury caused by Defendants' conduct.

*The Koala* therefore retains "a legally cognizable interest in the outcome of this lawsuit sufficient to allow [it] to seek injunctive relief." *Clark*, 259 F.3d at 1012. It is unsurprising that registration lapsed during the prolonged litigation necessary to defend *The Koala*'s rights. It is unfair to expect an unincorporated student association to maintain perfect compliance with technical requirements for registration during the almost four years this case has been pending, especially when registration would have been largely pointless due to the disqualification of student newspapers from eligibility for campus activity funds. Defendants cannot

2

avoid decision on the merits with a groundless motion to recall the mandate almost three years after the appeal was filed. The judgment and mandate must stand.

## ARGUMENT

Given "the profound interests in repose attaching to the mandate of a court of appeals," the Court may recall the mandate "only in extraordinary circumstances," as a matter of "last resort" in "grave, unforeseen contingencies." *Calderon v. Thompson*, 523 U.S. 538, 550 (1998) (cleaned up); *see also Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir. 1988) (holding mandate may be recalled "only in exceptional circumstances"). This case presents no grave, unforeseen, exceptional, or extraordinary circumstances. Settled law establishes the case is not and never was moot.

### A. To Show Mootness, Defendants Bear a Heavy Burden to Demonstrate It Is Impossible for the District Court to Provide any Effective Relief.

As an initial matter, the issue is mootness, not "standing." Motion to Recall Mandate at 7. Standing is determined based on "the facts as they exist at the time the complaint was filed." *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1047 (9th Cir. 2014); *see also, e.g.*, *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (holding "standing inquiry" is "focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed."). Defendants do not dispute *The Koala* had standing when the complaint

3

was filed, nor do they contend it lacked standing to appeal. Motion to Recall Mandate at 6 (admitting *The Koala* was registered when complaint and notice of appeal were filed). The question is whether the appeal became moot because "circumstances have changed since then." *Clark*, 259 F.3d at 1011.

According to settled law, it did not. A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," which occurs "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). "The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." *S. Oregon Barter Fair v. Jackson County*, 372 F.3d 1128, 1134 (9th Cir. 2004). Accordingly, Defendants bear the "burden to demonstrate mootness" in this case. *Headwaters, Inc. v. Bureau of Land Mgmt., Medford Dist.*, 893 F.2d 1012, 1015 (9th Cir. 1989).

The Supreme Court did not hold otherwise in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), on which Defendants mistakenly rely. In that case, a party moved to enforce a settlement agreement. *Id.* at 376–77. As the "party asserting jurisdiction" in the first instance, the moving party bore the burden to establish jurisdiction. *Id.* at 377. Here, it is undisputed the district court had jurisdiction when the complaint was filed and this Court had jurisdiction when the appeal was filed. The issue is whether the appeal later became moot, and on that

4

issue Defendants bear the burden. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 98 (1993).

The "doctrine of mootness is more flexible than other strands of justiciability doctrine." *Karuk Tribe of California v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012). Even if a court is not "able to return the parties to the status quo ante ... an appeal is not moot if the court can fashion some form of meaningful relief." *Dream Palace v. County of Maricopa*, 384 F.3d 990, 1000 (9th Cir. 2004). Thus, in contending the case is moot, Defendants must "satisfy a heavy burden of persuasion." *San Francisco BayKeeper, Inc. v. Tosco Corp.*, 309 F.3d 1153, 1159 (9th Cir. 2002). "Defendants bear the burden to establish that relief is not simply unlikely or conjectural but impossible." *Ctr. for Biological Diversity v. Exp.-Imp. Bank of the United States*, 894 F.3d 1005, 1011 (9th Cir. 2018).

### B. Under this Court's Precedent, the Case Is Not and Never Was Moot, Because *The Koala* Intends to Continue Publishing and Any Lapse in Registration Status Can Be Cured.

As this Court has held, a mere lapse in licensing status that can be cured does not moot a case where the plaintiff intends to continue engaging in the conduct impacted by the challenged regulation. *Clark*, 259 F.3d at 1011–12. In *Clark*, the plaintiff, owner of "three closed adult businesses," challenged a city's "adult cabaret ordinance." *Id.* at 1001. While the case was pending, the plaintiff's "license to operate an adult cabaret expired," and the plaintiff did not seek renewal.

5

*Id.* at 1011. To "reopen his business as he intend[ed] to do," plaintiff would have had "to apply for a new license." *Id.* at 1012. Nonetheless, this Court held the case was not moot. *Id.*

Plaintiff's "stated intention" was "to return to business." *Id.* Although the expiration of plaintiff's license might have made it "more difficult for [plaintiff] to return to business," the plaintiff still had "a legally cognizable interest in the outcome of this lawsuit sufficient to allow him to seek injunctive relief." *Id.* If plaintiff had "to apply for a new license and pay a fee as would any new adult cabaret owner, this added step is not an insurmountable barrier and thus not enough to moot [plaintiff's] case." *Id.* (citing *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287-288 (2000) (holding closure of plaintiff's business "is not sufficient to render this case moot" because plaintiff "is still incorporated" and "could again decide to operate a nude dancing establishment" impacted by ordinance at issue, and thus plaintiff retains "concrete stake in the outcome of this case")); *cf. S. Oregon Barter Fair*, 372 F.3d at 1133–34 (holding dispute over mass gathering statute was not moot although plaintiff had "not applied for a mass gathering permit, or engaged in any other preparations for a mass gathering" for eight years, where plaintiff had not "ceased to exist" and it sought "to hold another gathering").

*Clark* destroys Defendants' meritless contention that this case is or ever was moot. The lapse in registration status "is not an insurmountable barrier and thus not

6

enough to moot [*The Koala*'s] case." *Clark*, 259 F.3d at 1012. Defendants cannot show the lapse in registration status made it impossible for the district court to grant effective relief. Regardless of any lapse, the relief sought by *The Koala* "could meaningfully improve [its] position" by restoring eligibility to seek campus activity funds once registration is complete. *Dream Palace*, 384 F.3d at 1000. Throughout the appeal, *The Koala* was in a position to "benefit from a restoration of media funding" once it completed the ministerial requirements for re-registration. Motion to Recall Mandate at 13. As a result, *The Koala* retained a legally cognizable interest in the outcome during the entire appeal, including when the Court "filed its opinion in July 2019." *Id.*

It is not necessary that *The Koala* has applied to re-register, because re-registration is not "impossible," much less "conjectural." *Ctr. for Biological Diversity*, 894 F.3d at 1011. Nonetheless, *The Koala* has applied to re-register, which requires no fee, unlike the plaintiff in *Clark*, who had not yet sought a new license or paid the required fee. With re-registration impending, the case is certainly not moot.

Defendants establish no foundation to assert *The Koala* "abandoned" or made a "decision to forfeit" the right to seek registration. Motion to Recall Mandate at 9, 13. Defendants "bear a heavy burden to establish mootness," and their "bare assertion" of abandonment "is not enough under the applicable

7

standard." *Ctr. for Biological Diversity*, 894 F.3d at 1011. The lapse in registration

status could easily have resulted from their campaign of retaliation against *The*

*Koala*, which has applied to re-register now that it has survived a prolonged

litigation process, prevailed on appeal, and defeated Defendants' petition for

rehearing. *The Koala* did not apply "to create an RSO." Motion to Recall Mandate

at 13. *The Koala* has existed throughout the case, and it continues to exist. It has

applied to re-register an existing organization with the university. Whatever the

reason for the lapse in registration status, that status can be restored, and *The Koala*

is restoring it. It is not impossible for *The Koala* to complete the process of re-

registration. As a result, the case is not and never was moot.

The original complaint was filed almost four years ago, and the appeal

commenced almost three years ago. *Id.* at 6. Defendants did not complain of *The*

*Koala*'s temporary lapse in registration—a fact within their actual or constructive

knowledge—until after the Court decided the appeal, denied their petition for

rehearing, and issued the mandate.[1] Defendants cannot avoid this Court's judgment

by making a groundless motion to recall the mandate after "the case has been

---

[1] Under *Clark*, it is clear that the mere lapse in registration status could not "have
the effect of depriving the Court of jurisdiction," and therefore the parties had no
duty to call it "to the attention of the Court" and waste judicial resources
addressing a meritless assertion of mootness. *Bd. of License Comm'rs of Town of
Tiverton v. Pastore*, 469 U.S. 238, 240 (1985).

brought and litigated … for years." *Friends of the Earth, Inc. v. Laidlaw Envtl.
Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000) *cf. Armster v. U.S. Dist. Court for
Cent. Dist. of California*, 806 F.2d 1347, 1355 (9th Cir. 1986) ("There is a
significant difference between a request to dismiss a case or proceeding for
mootness prior to the time an appellate court has rendered its decision on the
merits and a request made after that time. Different considerations are applicable in
the two circumstances."). The judgment and mandate must stand.

### C. Defendants Mistakenly Rely on Irrelevant Cases Involving Plaintiffs Who Could Not Benefit from the Relief Requested.

The cases Defendants cite do not support their position because none of
them concern plaintiffs who remained able to benefit from the relief requested.
The Supreme Court held that a challenge to a law governing public employees was
moot due to the plaintiff's "resignation from public sector employment" without
any apparent likelihood that she would again be subject to the law at issue.
*Arizonans for Official English v. Arizona*, 520 U.S. 43, 72 (1997). Here, *The Koala*
remains subject to university policies, and its temporary lapse in registration can be
and is being cured. As a result, *The Koala* retains a live interest in restoring the
eligibility of student newspapers for campus activity funding.

Following *Arizonans for Official English*, this Court held that a tenant's
"request for declaratory and prospective injunctive relief [was] rendered moot" by
her "departure" from the defendants' apartment complex without any apparent

9

likelihood that she would return. *Harris v. Itzhaki*, 183 F.3d 1043, 1050 (9th Cir. 1999). This Court also held a case challenging "threatened closure" of a nursing home became moot when the nursing home closed and "Plaintiffs did not request reopening of the home." *Bumpus v. Clark*, 702 F.2d 826, 826–27 (9th Cir. 1983). Similarly, the Eleventh Circuit held that an appeal concerning registration of an aircraft became moot when the plaintiff sold the aircraft without any apparent likelihood it would reacquire the aircraft. *IAL Aircraft Holding, Inc. v. F.A.A.*, 216 F.3d 1304, 1305 (11th Cir. 2000).[2]

Like *Arizonans for Official English*, those cases are irrelevant, because the plaintiffs could no longer benefit from the relief they sought. By contrast, *The Koala* retains a live interest in restoring eligibility of student newspapers for campus activity funding because it (1) remains a student organization; (2) intends to continue publishing; and (3) can cure its temporary lapse in registration. In fact, it is doing so. Therefore, the case is not and never was moot because the district court never "lost the power to grant relief." *Bumpus*, 702 F.2d at 827.

In other circumstances, the Supreme Court held that a challenge to forfeiture procedures was moot where the "State has returned all the cars that it seized, and

---

[2] This Court granted a request to dismiss an appeal as moot where appellants had "purged themselves of contempt." *In re Grand Jury Proceedings*, 593 F.2d 906 (9th Cir. 1979). That summary decision, bereft of any analysis, does not apply.

10

the individual property owners have either forfeited any relevant cash or have accepted as final the State's return of some of it." *Alvarez v. Smith*, 558 U.S. 87, 89 (2009). On those facts, "there was no longer any dispute about ownership or possession of the relevant property" or any suggestion that "plaintiffs will likely again prove subject to the State's seizure procedures." *Id.* at 92–93. Here, the case presents a live dispute because *The Koala* intends to continue publishing, wants to seek campus activity funds, can re-register, and is in the process of completing re-registration. In these circumstances, the district court can provide effective relief, and the case is not moot.

In *Steel Co. v. Citizens for a Better Environment*, the Supreme Court considered whether plaintiff had "standing to sue" when the case was filed, not whether the case later became moot. 523 U.S. 83, 102 (1998). The Court assumed plaintiff suffered "injury in fact" and held that such injury was not redressable because, among other reasons, the plaintiff could not receive civil penalties for violations of the relevant statute. *Id.* at 106. Accordingly, a judgment could not "eliminate any effects" of the past violations.[3] *Id.* Here, a judgment in *The Koala*'s favor would redress the injury caused by disqualifying student newspapers from

---

[3] "*Steel Co.* established that citizen suitors lack standing to seek civil penalties for violations that have abated by the time of suit," but they retain standing to seek penalties for ongoing violations. *Friends of the Earth*, 528 U.S. at 187.

11

campus activity funding. *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993) (holding denial of eligibility to seek a benefit is "injury in fact").

This case does not concern "the effect of the voluntary acts of a third party non-defendant." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 72 (1983) (holding dispute between all-male organization and federal government over Title IX regulation was moot where "irrespective of the outcome of this lawsuit," university prohibited organization from operating on campus until it changed its membership policy). The issue here is whether Defendants' own disqualification of student newspapers from campus activity funding continues to impact *The Koala*. Because *The Koala* wishes to seek campus activity funds, can cure the lapse in registration status, and is in the process of doing so, it retains a concrete stake in enjoining the disqualification.

In the bankruptcy context, "[w]hen the issue being litigated directly involves the debtor's reorganization, the case is mooted by the dismissal of the bankruptcy," and thus an appeal became moot when a bankruptcy court dismissed the underlying proceeding, because the appeal was "entirely depend[e]nt on the existence of the original Chapter 13 bankruptcy proceeding," given that "[t]he only relief the bankruptcy court, the district court, and this court could grant was to confirm or reject the validity of the … original Chapter 13 proceeding." *In re*

12

*Pattullo*, 271 F.3d 898, 901 (9th Cir. 2001). Here, this Court's jurisdiction never depended on *The Koala*'s registration status, because the lapse in registration can be cured and *The Koala* can still benefit from the relief it seeks. Therefore, this case is not and never was moot, and Defendants' motion to recall the mandate must be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion to recall the mandate and withdraw its opinion.

Dated: January 17, 2020                    Respectfully submitted,


/s/ David Loy
David Loy
Counsel for Appellant

Case: 17-55630, 01/17/2020, ID: 11566510, DktEntry: 68-1, Page 15 of 15

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Respectfully submitted,


/s/ David Loy
David Loy
Counsel for Appellant

14

No. 17-55380

---

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

THE KOALA, an unincorporated association

Plaintiff-Appellant,

v.

PRADEEP KHOSLA, in his official capacity as Chancellor of the University of California, San Diego; et al.

Defendants-Appellees.

---

**DECLARATION OF RYAN T. DARBY
IN SUPPORT OF PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO RECALL MANDATE AND
WITHDRAW OPINION**

---

Appeal from the Judgment of the United States District Court
For the Southern District of California
District Court No. 3:16-cv-1296-JM-BLM
Honorable Jeffrey T. Miller

_____

DAVID LOY
davidloy@aclusandiego.org
ACLU FOUNDATION OF SAN DIEGO
& IMPERIAL COUNTIES
P.O. Box 87131
San Diego, California 92138-7131

Ryan T. Darby, Esq. (SBN 264357)
LAW OFFICE OF RYAN T. DARBY
350 10th Avenue, Suite 1000
San Diego, CA 92101

Counsel for Plaintiff-Appellant

I, Ryan T. Darby, declare that I am over eighteen (18) years of age.  I am a resident of San Diego County, California.  I could, if called as a witness to this matter, competently testify of my own personal knowledge in the matters set forth in this declaration.

I therefore declare and state as follows:

1.  I am a licensed attorney representing plaintiff The Koala ("The Koala") in the present action.

2.  I have visited the website located at http://www.thekoala.org ("the Website").  Based upon my knowledge of the facts of this case, I can confidently represent that the Website is maintained by The Koala.

3.  The Website appears to serve as an online medium for The Koala to publish some of its content, and those posts are displayed chronologically.

4.  On January 16, 2020, I observed posts on the Website dated April 10, 2018; November 6, 2017; April 13, 2017; November 28, 2016; November 18, 2016; November 16, 2016; November 11, 2016; November 8, 2016; June 2, 2016; and June 1, 2016.  Each of these dates was subsequent to the filing date of the present action on May 31, 2016.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 16, 2020, in San Diego, California.

_____
Ryan T. Darby

1

No. 17-55380

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

THE KOALA, an unincorporated association

Plaintiff-Appellant,

v.

PRADEEP KHOSLA, in his official capacity as Chancellor of the University of
California, San Diego; et al.

Defendants-Appellees.

**DECLARATION OF ALYSSA KRESS
IN SUPPORT OF PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO RECALL MANDATE AND
WITHDRAW OPINION**

Appeal from the Judgment of the United States District Court
For the Southern District of California
District Court No. 3:16-cv-1296-JM-BLM
Honorable Jeffrey T. Miller

DAVID LOY
davidloy@aclusandiego.org
ACLU FOUNDATION OF SAN DIEGO
& IMPERIAL COUNTIES
P.O. Box 87131
San Diego, California 92138-7131

Ryan T. Darby, Esq. (SBN 264357)
LAW OFFICE OF RYAN T. DARBY
350 10th Avenue, Suite 1000
San Diego, CA 92101

Counsel for Plaintiff-Appellant

I, Alyssa Kress, declare that I am over eighteen (18) years of age.  I am a resident of San Diego County, California.  I could, if called as a witness to this matter, competently testify of my own personal knowledge in the matters set forth in this declaration.

I therefore declare and state as follows:

1. I am a full-time undergraduate student at the University of California, San Diego ("UCSD").

2. I am the president of *The Koala*, an unincorporated student association that has published a newspaper at UCSD since 1982.  My staff and I intend to continue publishing *The Koala*.

3. I am in the process of registering *The Koala* as an official student organization at UCSD.  Registration is a ministerial process that UCSD must grant so long as the procedural requirements established by UCSD are satisfied.

4. When I initiated the registration process in December 2019, I was under the impression that the sole requirement for registering a student organization was four students indicating their intent to serve as principal members and a written constitution.

5. On December 5, 2019, I initiated the application process on UCSD's Center for Student Involvement ("CSI") website.  I agreed to serve as *The Koala*'s president and a principal member, and I uploaded a written constitution.  Between

1

this date and December 10, 2019, three of my fellow UCSD students visited this website and agreed to serve as principal members.

6. On December 12, 2019, I visited the CSI's online portal, which showed that our application was initiated on December 5, 2019, and that its status was "Pending." It lists our CSI Advisor as Jenny Kressel, and the "Notes from Your Advisor" section was blank. I created a screen shot of this page, a true and exact copy of which is attached as Exhibit A.

7. On January 7, 2020, I was made aware of the Motion to Recall Mandate and Withdraw Opinion in the above-captioned case, where it was alleged that our application was incomplete because the constitution we submitted did not satisfy UCSD's standards and two of our principal members have not yet completed an ART of Inclusive Communication Workshop. No representatives from UCSD notified me that our application was incomplete and would not be processed.

8. On January 16, 2020, I submitted a new constitution based upon the template provided on the CSI website, and it complies with CSI's rules and requirements.

9. I am registered to take the ART of Inclusive Communication Workshop on February 4, 2020. This is the earliest date available for me to register. I fully intend to attend and complete the workshop on that date.

10. We wish to seek campus activity funds to cover print costs of our

newspaper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 17, 2020, in San Diego, California.

Alyssa Kress

3

# EXHIBIT A

Case 17-55380, 01/17/2020, ID: 11566510, DktEntry: 68-3, Page 6 of 7



## CSI STUDENT ORGANIZATION REGISTRATION

UC San Diego

| Home | Logout |

# Student Organization Registration
## The Koala

### Navigation

**My Student Organizations**

The Koala

Invite Members

Principal Member Agreement ✓

View/Upload Constitution ✓

Request Email and URL

Org Confirmation Letter

**Create New Student Organization**

| | |
|---|---|
| **Category** | Media |
| **Academic Year** | 2019 |
| **ClassLevelDetail** | Undergraduate |
| **Purpose** | To put the word motherfucker into print as often as possible. |
| **Created** | 12/5/2019 |
| **First Registered Date (if known)** | -- Enter Date -- |
| **Status** | Pending |
| **CSI Advisor** | Jenny Kressel |
| **Fund Manager** | |

Edit Org Information

🛈 Students who are not current will show up crossed out and do not count towards your principal member count.



| Created | 12/5/2019 |
| First Registered Date (if known) | 1/1/1982 |
| Status | Pending |
| CSI Advisor | Jenny Kressel |
| Fund Manager | |

Edit Org Information

⚠ Students who are not current will show up crossed out and do not count towards your principal member count.

| Principal Member | President/Chair | PM Agreement | Quiz | NCRC | Added | Remove |
|---|---|---|---|---|---|---|
| AARON GENIN | False | True | True | True | 12/10/2019 | 🗑 |
| Victoria Bracco | False | True | True | True | 12/5/2019 | 🗑 |
| ALYSSA KRESS | True | True | True | False | 12/5/2019 | 🗑 |
| MIGNOTE TADELE | False | True | False | False | 12/6/2019 | 🗑 |

**Category Requirements For Media**

| Constitution (Upload) | | ✔ |
|---|---|---|

**Notes From Your Advisor**

UC San Diego 9500 Gilman Dr. La Jolla, CA 92093 (858) 534-2230
Copyright © 2019 Regents of the University of California. All rights reserved.
Terms & Conditions | Feedback

UC San Diego

No. 17-55380

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

THE KOALA, an unincorporated association

Plaintiff-Appellant,

v.

PRADEEP KHOSLA, in his official capacity as Chancellor of the University of
California, San Diego; et al.

Defendants-Appellees.

**DECLARATION OF MIGNOTE TADELE
IN SUPPORT OF PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO RECALL MANDATE AND
WITHDRAW OPINION**

Appeal from the Judgment of the United States District Court
For the Southern District of California
District Court No. 3:16-cv-1296-JM-BLM
Honorable Jeffrey T. Miller

_____

DAVID LOY
davidloy@aclusandiego.org
ACLU FOUNDATION OF SAN DIEGO
& IMPERIAL COUNTIES
P.O. Box 87131
San Diego, California 92138-7131

Ryan T. Darby, Esq. (SBN 264357)
LAW OFFICE OF RYAN T. DARBY
350 10th Avenue, Suite 1000
San Diego, CA 92101

Counsel for Plaintiff-Appellant

I, Mignote Tadele, declare that I am over eighteen (18) years of age. I am a resident of San Diego County, California. I could, if called as a witness to this matter, competently testify of my own personal knowledge in the matters set forth in this declaration.

I therefore declare and state as follows:

1. I am a full-time undergraduate student at the University of California, San Diego ("UCSD").

2. I am a principal member of *The Koala*, an unincorporated student association that has published a newspaper at UCSD since 1982. I wish to assist in resuming print publication of *The Koala* as a student newspaper at UCSD.

3. I am registered to take the ART of Inclusive Communication Workshop on March 4, 2020. This is the earliest date available for me to register. I fully intend to attend and complete the workshop on that date.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January ___, 2020, in San Diego, California.

Mignote Tadele

01/17/2020

1