UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE KOALA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PRADEEP KHOSLA, in his official capacity as Chancellor of the University of San Diego, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 16cv1296 JM(BLM)<br><br>**ORDER ON MOTION TO STAY PROCEEDINGS** |

   This matter comes before the court on Defendants' motion to stay proceedings. (Doc. No. 54.)  For the reasons set forth below, Defendants' motion is denied.

   On December 13, 2019, this court held a hearing spreading the mandate of the Ninth Circuit.  (Doc. Entry. 49.)  On January 7, 2020, Defendants filed a Motion to Recall Mandate and Withdraw Opinion ("Motion to Recall) with the Ninth Circuit, asserting that subject-matter jurisdiction over this dispute is lacking.  (*See* Doc. No. 54-1, Ex.1.)

   Defendants move to stay this action pending resolution of the Motion to Recall on the grounds that: (1) the Plaintiff's claims became moot while the appeal of the court's order granting Defendants' Motion to Dismiss the Second Amended Complaint was pending; (2) Defendant's Motion to Recall addresses the important issues of Plaintiff's lack of standing; (3) the Ninth Circuit's ruling on that motion has the potential to completely

1

resolve this case; (4) it is in the interests of judicial economy to stay these proceedings; (5) Defendants will suffer hardship if they are required to continue litigating in this court while the case is on appeal in light of the fact that a ruling in their favor may result in dismissal of the case; and (6) the Plaintiff will not suffer any prejudice from the stay. (Doc. No. 54.)

## **Discussion**

A stay pending an appeal is not a matter of right, "[i]t is instead 'an exercise of judicial discretion,' and 'the propriety of its issue is dependent upon the circumstances of the particular case.'" *Nken,* 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. U.S.*, 272 U.S. 658 at 672-73 (1926)).  In deciding whether to grant a stay pending appellate proceedings, the court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on [appeal]; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken,* 556 U.S. at 434).  "The first two factors are the most critical and the last two steps are reached once an applicant satisfies the first two facts." *Washington v. Trump,* 847 F.3d 1151, at 1164 (9th Cir. 2017) (internal quotation marks and citations omitted). The party requesting the stay bears the burden of demonstrating that the circumstances justify an exercise of the court's discretion. *Nken,* 556 U.S. at 434.

### *1. Likelihood of Success on the Merits*

To satisfy the first factor, likelihood of success on the merits, the movant "must make a strong showing that success on the merits is likely." *Lair,* 697 F.3d at 1204.  Meaning, "'at a minimum,' a petitioner must show that there is a 'substantial case for relief on the merits.'" *Id. (*quoting *Leiva-Perez v. Holder,* 640 F.3d 962, 968 (9th Cir. 2011)).  But, "[t]he standard does not require the petitioners to show that 'it is more likely than not that they will win on the merits.'" *Id. (*quoting *Leiva-Perez,* 640 F.3d at 966).

     Defendants' Motion to Recall and Motion to Stay raises the issue of whether there is subject matter jurisdiction to hear this suit because of Plaintiff's unilateral decision to abandon its registered student organization ("RSO") status in the fall of 2017. (Doc. No. 54-1; *See generally,* Motion to Recall.) Defendants assert that by ending its existence as an RSO, *The Koala* lost its direct stake in this controversy and mooted the case. In support, the movants cite to *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) ("an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed,") and *Harris v. Itzhaki,* 183 F.3d 1043 (9th Cir. 1999) (claims for declaratory and prospective injunctive relief rendered moot by plaintiff's departure from the apartment building, but her claims for damages were unaffected.) It is Defendants' position that the recent application by *The Koala* for RSO cannot retroactively reinstate the subject matter jurisdiction of the appellate court. And, as Defendants point out, *The Koala* sought entirely prospective relief.

     In opposition, Plaintiff responds that *The Koala* has published since 1982 and has continued to do so, even while the case was pending on appeal. Further, *The Koala* asserts that the requirements of registering as an RSO are simply ministerial, that it is currently in the process of completing the remaining registration requirements, and that "the expected re-registration would render it eligible for such funds but for the disqualification of student newspapers from such eligibility." (Doc. No. 55 at 4.) Plaintiff concludes "[o]n those facts, settled law establishes the case is not and never was moot." (*Id.*) In addition, Plaintiff maintains that its lapse in registration is not enough to moot the case because re-registration is not an insurmountable barrier. *See Clark v. City of Lakewood*, 259 F.3d 996, 1012 (2001) (concluding that while the expiration of plaintiff's original business license could make it difficult for him to return to business, he still had a legally cognizable interest in the lawsuit sufficient to allow him to seek injunctive relief because plaintiff had stated his intention to return to the business, he could reapply for a new license and pay a fee, and "this added step is not an insurmountable barrier" and thus not enough to moot the case).

"The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy." *Preiser v. Newkirk,* 422 U.S. 395 (1975). The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. *Id.* Arguments regarding mootness and standing are often nuanced and the significance of questions regarding subject matter jurisdiction are not to be taken lightly. The question of whether or not *The Koala's* unilateral decision to abstain from applying for RSO status since the 2016-2017 academic year has mooted the case is for the Ninth Circuit to decide, as is whether the mandate must be recalled. This court takes no position on the question of which party may prevail at the Circuit level. For purposes of the motion to stay, the court has simply determined that Defendants have neither met their burden of showing that success on the merits is likely nor set forth a substantial case for relief on the merits. *Lair,* 697 F.3d at 1204. Thus, Defendants have failed to satisfy the first factor of the four-part test.

### 2. *Irreparable Injury*

"Simply showing some possibility of irreparable injury,' fails to satisfy the second factor." *Nken,* 556 U.S. at 434-35. Under the second factor, the movant must show that "there is a probability of irreparable injury if the stay is not granted." *Lair,* 697 at 1214.

Defendants assert that they will suffer hardship if they are required to continue expending resources litigating a case that may shortly be dismissed. (Doc. No. 54-1 at 5.) But, the court is not convinced that this is a sufficient injury that warrants a stay because "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936)). Thus, Defendants have failed to satisfy the second factor of the four-part test.

Because Defendants have not met the first two factors, the court need not reach the last two facts. *See Washington,* 847 F.3d at 1164.

## Conclusion

Exercising its discretion, and in accordance with the above, the court **DENIES** Defendants' motion to stay proceedings pending determination of the Motion to Recall. (Doc. No. 54.)

However, the court on its own motion **VACATES** any and all pending dates. Defendants shall have up to and including *March 13th, 2020,* to file their answer to the Second Amended Complaint.

IT IS SO ORDERED.

Dated: February 11, 2020

_____
Hon. Jeffrey T. Miller
United States District Judge